J. S27025/15 & J. S27026/15

2015 PA Super 266

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. : No. 1639 EDA 2014
:
SALEEM SHABEZZ :

Appeal from the Order, April 2, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0012538-2013


COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. : No. 1702 EDA 2014
:
SALEEM SHABEZZ :

Appeal from the Order, May 15, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0015450-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.


CONCURRING STATEMENT BY FORD ELLIOTT, P.J.E.:
**FILED DECEMBER 21, 2015**

I join the Majority's Opinion affirming the trial court's finding that the

stop of the vehicle in which appellant was a passenger was unlawful

therefore requiring the suppression of the evidence.  I write separately to

_____

* Former Justice specially assigned to the Superior Court.

address the Commonwealth's argument that appellant was required to prove a reasonable expectation of privacy in the searched car under the circumstances of this case.

As thoughtfully set forth by the Majority, the stop of the car was illegal in the first instance. In **Commonwealth v. Swanger**, 307 A.2d 875, 879 (Pa. 1973), **superseded in part by statute as stated in Commonwealth v. Holmes**, 14 A.3d 89 (Pa. 2011), our supreme court held that where officers have no justification to stop the automobile in which Swanger was a passenger, the stop was constitutionally impermissible and fruits of the illegal stop or seizure must be suppressed. The stop was an illegal seizure of all the individuals in the car, and therefore no expectation of privacy in the car itself had to be established by any passenger to challenge the stop.

Since the instant case is an illegal seizure case and not an auto search case, appellant's expectation of privacy in the vehicle is not at issue. As noted by Judge Fisher of the Third Circuit in **United States v. Mosley**, 454 F.3d 249, 253 (3d. Cir. 2006), in cases involving the illegal stop of a car and therefore the illegal seizure of its occupants, "[t]he dispositive legal issue is the causal relationship between the traffic stop and the discovery of the evidence: whether the evidence found in the car was 'fruit' of the illegal stop."

Judge Stabile joins this concurring statement.

Justice Fitzgerald joins this concurring statement.